# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ETRAILER CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-2490-NAB |
| | ) | |
| TEXTRAIL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's Motion to Dismiss Plaintiff's Count II under Fed. R. Civ. P. 12(b)(6). [Doc. 7.] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court will deny Defendant's Motion to Dismiss.

### I.  Factual Background

This is a civil action for copyright infringement. Plaintiff's Complaint alleges direct copyright infringement under 17 U.S.C. § 501 *et seq.* in Count I and Count II alleges Defendant violated 17 U.S.C. § 1202 by removing Plaintiff's copyright management information without the authority of the copyright owner or the law. A private right of action and the right to damages exist under 17 U.S.C. § 1203 for violations of § 1202.

Defendant filed a Motion to Dismiss Plaintiff's Count II on October 7, 2019, contemporaneously with its Memorandum in Support. [Doc. 8.] On October 14, 2019, Plaintiff filed its Memorandum in Opposition. [Doc. 12.] On October 21, 2019, Defendant filed its Reply to Plaintiff's Memorandum in Opposition. [Doc. 13.] This Court granted Plaintiff's

Motion for Leave to File Short Sur-Reply on October 29, 2019. [Doc. 18.] The Plaintiff filed its Sur-Reply on October 30, 2019. [Doc. 19.] The motion is now fully briefed.

Plaintiff alleges the following in its Complaint. Plaintiff and Defendant are sellers of trailer parts, equipment, and accessories, and are direct competitors of each other. (Compl. ¶¶ 2, 12). As a part of its business and to assist its customers in making online purchasing decisions, Plaintiff expended great time, effort, and money to create thousands of proprietary photographs and videos, which Plaintiff made available for customer use on its website (individually a "Work" and collectively the "Works"). (Compl.¶¶ 3, 13, 15). Plaintiff owns protectable copyright interests in these Works (Compl. ¶14), and Plaintiff has obtained multiple active and valid copyright registrations with the United States Copyright Office, which registrations cover many of the Works. (Compl. ¶ 16).

In creating the Works, Plaintiff took steps to ensure that its name and logo were prominently featured around and in the Works as an indication of Plaintiff's ownership of the Works. (Compl. ¶ 15). Plaintiff's name and logo was placed within its photographs by being attached to the respective picture's object piece via a sticker. (Compl. ¶ 49). Plaintiff alleges that the placement of the sticker on the product served as copyright control and management information. Plaintiff alleges, stickers were used because other methods of indicating copyright ownership (such as a watermark electronically layered onto the photographs) were not as effective against theft. *Id*.

Plaintiff further alleges that Defendant willfully and knowingly copied Plaintiff's copyright protected photographs, reproduced, and published those photographs in online and paper catalogs, and distributed paper copies of the catalogs (containing Plaintiff's photographs) in Missouri and throughout the United States. (Compl. ¶ 4). Plaintiff alleges that in doing so

any infringer seeking to remove a sticker from an image, would have had to work on one image at a time and manually remove the sticker using photo-editing software. (Compl. ¶ 50). Such editing would require intentional and willful removal of the name and logo of the Plaintiff, and then filling in the area of the removed name and logo with a color and structure matching the product. *Id*.

Plaintiff alleges that the placement of its name and logo in its Works constitutes "copyright management information" as contemplated by 17 U.S.C. § 1202 because it could only be removed digitally and would only be removed by persons unlawfully stealing Plaintiff's photographs from its website. (Compl. ¶ 51).

Next, Plaintiff alleges Defendant illegally misappropriated photographs without license, permission, or authorization from the Plaintiff and infringed Plaintiff's copyrights by copying, modifying, and displaying the Works in Defendant's catalogs. (Compl. ¶ 54). The Defendant's conduct, the Plaintiff alleges, violated 17 U.S.C. § 1202(b) (Compl. ¶ 74), caused Plaintiff irreparable harm, and will cause Plaintiff to suffer further immediate and irreparable harm unless Defendant is enjoined from further copyright infringement. (Compl. ¶ 5).

## II.  Motion to Dismiss Standard

To survive a Rule 12(b)(6) motion, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is deficient and may be dismissed under Rule 12(b)(6) if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. A claim "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

The Court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012). A court must "draw on its judicial experience and common sense," and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation. *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Normally, the Court is limited to the pleadings when considering a 12(b)(6) motion, but it may properly consider materials that are necessarily embraced by the pleadings. *Enervations, Inc. v. Minnesota Mining & Mfg. Co.*, 380 F.3d 1066, 1069 (8th Cir. 2004).

> While courts may primarily consider the allegations in the complaint determining whether to grant a Rule 12(b)(6) motion, courts additionally consider 'matters incorporated by reference or integral to the claim, items subject to judicial

> notice, matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint whose authenticity is unquestioned; without converting the motion into one for summary judgment.

*Zean v. Fairview Heights Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (citing *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Wright & Miller, Federal Practice & Procedure § 1357 (3d ed. 2004))). In this case, Plaintiff attached two exhibits of photographs to its Complaint- Exhibits A and B. The parties do not question the authenticity of the exhibits for the purposes of the pending motion to dismiss.

## III. Discussion

Plaintiff's Count II alleges Defendant willfully and knowingly removed Plaintiff's name and logo from Plaintiff's copyrighted images and thus removed copyright management information in violation of the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1202. The Defendant argues the Plaintiff has failed to state a claim for relief because even accepting Plaintiff's allegations as true, Plaintiff's purposeful inclusion of stickers containing Plaintiff's name and logo within the Works for the purpose of copyright control does not constitute "copyright management information" (CMI) under 17 U.S.C. § 1202. Therefore, the question before the Court is whether § 1202's definition of copyright management information includes the "stickers" Plaintiff placed on the photographic images.

It is well established that this Court begins any statutory interpretation with the statute's plain language. *United States v. Cacioppo*, 460 F.3d 1012, 1016 (8th Cir. 2006) (citing *Watson v. Ray*, 192 F.3d 1153, 1155 (8th Cir. 1999) ("When determining the meaning of a statute, our starting point must be the plain language of the statute."). Where the statutory language is plain, the Court does not need to inquire any further. *Id*. (citing *United States v. Ron Pair Enters., Inc.*,

489 U.S. 235, 241 (1989).  The Supreme Court has stated repeatedly that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Owner-Operator Indep. Drivers Ass'n v. Supervalu, Inc.*, 651 F.3d 857, 862 (8th Cir. 2011) (quoting *United States v. I.L.*, 614 F.3d 817, 820 (8th Cir. 2010)).  "When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'"  *Id*.  "In determining whether statutory language is plain and unambiguous, the court must read all parts of the statute together and give full effect to each part."  *Estate of Farnham v. Comm'n of Internal Revenue*, 583 F.3d 581, 584 (8th Cir. 2009).  If the language of the statute is ambiguous, the court may examine legislative history and other authorities to determine legislative intent.  *Id.* (citing *Burlington N.R.R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461 (1987)).

The DMCA addresses the "perceived need of copyright owners for 'legal sanctions' to enforce various technological measures they had adopted to prevent the unauthorized reproduction of their works."  *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 300 (3d Cir. 2011) (citing *Microsoft Corp. v. AT&T Corp.*, 550 U.S. 437, 458 (2007)).  Section 1202(b) of the DMCA provides:

> No person shall, without the authority of the copyright owner or the law--
> (1) intentionally remove or alter any copyright management information,
> (2) distribute or import for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
> (3) distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law,
> knowing, or, with respect to civil remedies under section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

17 U.S.C. § 1202(b). The statute defines "copyright management information" as

> any of the following information conveyed in connection with copies or phonorecords of a work or performances or displays of a work, *including in digital form* . . . (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright.

17 U.S.C. § 1202(c)(2)-(3) (emphasis added).

While the Eighth Circuit has not yet interpreted 17 U.S.C. § 1202, this Court finds persuasive the view of other federal courts that the statutory text indicates a broad definition of copyright management information. *See, e.g., Murphy*, 650 F.3d at 305 (holding that a cause of action under § 1202 "potentially lies whenever [the types of listed information] is falsified or removed, regardless of the form in which that information is conveyed."); *The Associated Press v. All Headline News Corp.*, 608 F. Supp. 2d 454, 461-62 (S.D.N.Y 2009) (noting there is no textual support for limiting the DMCA's application to technological processes, and declining to consider legislative history in the face of clear statutory language); *Tierney v. Moschino S.P.A.*, 2:15-CV-05900-SVW-JWW, 2016 WL 4942033 at *4-5 (C.D. Cal. Jan. 13, 2016) (denied motion requesting narrow interpretation of § 1202); *Williams v. Cavalli, S.P.A.*, No. CV 14-06659-AB, 2015 WL 1247065 at *4-5 (C.D. Cal. Feb. 12, 2015) (holding signature in a mural constituted CMI); *Interplan Architect, Inc. v. C.L. Thomas, Inc.*, No. 4:08-CV-03181, 2009 WL 6443117 (S.D. Tex. Nov. 13, 2009) (holding that § 1202 reaches architectural documents and § 1202 "as a whole does not state that its provisions regarding removal or alteration of [CMI] are limited to specific technological measures"); *Fox v. Hildebrand*, No. CV 09-2085 DSF (VBKx), 2009 WL 1977996 (C.D. Cal. July 1, 2009) (holding the phrase "including in digital form" "in no way limits the definition to notices made in digital form").

While some federal courts have used the statute's legislative history to support a narrower reading of § 1202, this Court follows the guidance of the Supreme Court and "[does] not resort to legislative history to cloud a statutory text that is clear" even if there are "contrary indications in the statute's legislative history."  *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994).  This Court agrees with the Third Circuit's view that "while it is possible to read the legislative history [of § 1202] to support [a narrow] interpretation of CMI, that history does not provide the 'extraordinary showing of contrary intentions' which would compel [this Court] to disregard the plain language of the statute."  *Murphy*, 650 F.3d at 305.  The Court does not find the reasoning in *etrailer Corp., v. Automatic Equip. Mfg., Co.*, No. 8:18-CV-351, 2019 WL 1596833 (D. Neb. Apr. 15, 2019) to be persuasive.

It is this Court's opinion that a sticker containing a copyright owner's name and logo, placed prominently on a picture's object piece as an indication of ownership of the pictorial work for the purpose of copyright control and management, may constitute CMI under the plain language of § 1202.  It is undisputed the stickers were contained "within" or "in" Plaintiff's Works.  It is also undisputed the stickers in question contained Plaintiff's name and logo. A logo is indisputably "identifying information."  The cases cited by the Defendant are not to the contrary.  Because such a sticker falls within the plain and unambiguous language of 17 U.S.C. §1202(c)(2)-(3), and its digital removal from the Works would in fact be the removal of the Plaintiff's name and logo from its copyrighted works, this Court holds that the Plaintiff's allegations contain sufficient factual matter to state a claim for relief that is plausible on its face and upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**. [Doc. 7.]

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 10th day of December, 2019.